UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 3 0 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

DAVID JENKINS,

Plaintiff,

v.

25-CV-1365 (JLS)

DANIEL MARTUSCELLO, III, DOCCS Commissioner, JULIE WOLCOTT, Attica Superintendent, and THE STATE OF NEW YORK,

Defendants.[1]

## DECISION AND ORDER[2]

*Pro se* Plaintiff David Jenkins is a prisoner confined currently at the Elmira Correctional Facility and filed this action seeking relief under 42 U.S.C. § 1983. Dkt. 1. Jenkins was confined at the Attica Correctional Facility ("Attica") at the

[1] The Clerk of Court is directed to amend the caption of this action as set forth herein. Jenkins names the "Attica Superintendent" as a Defendant. According to the New York State Department of Corrections and Community Supervision's website, https://doccs.ny.gov/location/attica-correctional-facility, and the Court's familiarity with this Defendant through other cases filed in this Court, Julie Wolcott is Attica's Superintendent.

[2] Shortly before issuance of this Decision and Order, Plaintiff filed a document titled "Amendment" which names new defendants and asserts additional claims regarding conditions at Elmira Correctional Facility. *See* Dkt. 11. It appears to the Court that Plaintiff is seeking to supplement his complaint with these new allegations. As directed in this Decision and Order, Plaintiff shall have an opportunity to amend his complaint. Plaintiff is directed to include all supplemental claims or allegations that he wishes to assert within his amended complaint.

time of an unlawful strike by New York State Department of Corrections and Community Supervision's ("DOCCS") correctional staff in February and March 2025. He claims he was locked in his cell for 24 hours each day and was denied programming, recreation, showers, and medical appointments for his heart. *Id.* at 4. He sues DOCCS Commissioner Daniel Martuscello ("Martuscello"), Attica's Superintendent Julie Wolcott ("Wolcott"), and the State of New York. *Id.* at 1, 3. He seeks $3,000,000 in damages. *Id.* at 5.

Jenkins seeks permission to proceed *in forma pauperis* ("IFP") and has filed the required authorization. Dkt. 4, 5. Because Jenkins meets the requirements of 28 U.S.C. § 1915(a) and filed the required authorization, he is granted permission to proceed IFP. The Court therefore screens his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

For the reasons below, Jenkins's claims against New York State and the individual defendants, in their official capacities, are dismissed without leave to amend. The remaining claims against Martuscello and Wolcott, in their individual capacities, are dismissed with leave to amend.

## DISCUSSION

## I. LEGAL STANDARDS

### A. Review Under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state

a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

### B. Pleading Standards

In evaluating a complaint, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must contain sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under

the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### C. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established

elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

**D. Leave to Amend**

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

## II. ALLEGATIONS

The complaint is short on factual detail, and is entirely conclusory. Dkt. 1 at 4. A liberal reading of the complaint, however, tells the following story. Between February 13[3] and April 23, 2025, correctional employees conducted an unlawful strike at several DOCCS facilities, including Attica. *Id.* During the strike, Jenkins was locked in his cell 24 hours each day and was denied out-of-cell programming including education and recreation, as well as showers and "heart medical appointments." *Id.*

The Court liberally construes Jenkins's complaint as alleging (1) a violation of his Eighth Amendment rights based on the conditions of his confinement, *see Willey v. Kirkpatrick*, 801 F.3d 51, 66 (2d Cir. 2015); (2) a violation of his Fourteenth Amendment right to due process based on the denial of programming, *see Sandin v. Conner*, 515 U.S. 472, 484 (1995); and (3) a denial of medical care in violation of the Eighth Amendment, *see Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

---

[3] The precise dates of the beginning and conclusion of the strike are alleged differently in other complaints filed in this District. *See, e.g.*, *Barrows v. N.Y.S. Corr. Off. Police Benevolent Assoc., Inc.*, 25-CV-665-JLS, Dkt. 1, at ¶ 17 (W.D.N.Y. July 22, 2025) (alleging that strike began on February 17, 2025; *Sherrod v. Martuscello*, 25-CV-6413-MAV, Dkt. 1 at 18-19, 30-31, 36, 38 (W.D.N.Y. Aug. 12, 2025) (alleging that strike began on February 17, 2025, and concluded on March 10, 2025, when striking workers returned to work).

## III. ANALYSIS

### A. Eleventh Amendment Immunity

Jenkins sues New York State, Martuscello and Wolcott for monetary damages only. Dkt. 1 at 3, 5.[4]

Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985) (citation omitted). Congress has not abrogated the states' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Because "a judgment against a public servant in his official capacity imposes liability on the entity that he represents[,]" *Graham,* 473 U.S. at 169 (citation modified), the above "rule of immunity extends to cases where 'the action is in essence one for the recovery of money from the state,' even when individual [state] officials are the nominal defendants," *Williams v. Marinelli,* 987 F.3d 188, 197 (2d Cir. 2021) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613 (2002)).

---

[4] Where, as here, "a *pro se* litigant does not specify in what capacity the individual defendants are being sued, courts generally 'liberally construe the complaint as alleging both official and individual capacity claims.'" *Anderson v. Pedalty*, No. 14-CV-00192, 2015 WL 1735192, at *3 (W.D.N.Y. Apr. 16, 2015) (quoting *McCloud v. Kane*, 491 F. Supp. 2d 312, 316 (E.D.N.Y. 2007)).

Accordingly, Jenkins's claims against New York State and Martuscello and Wolcott, in their official capacities, are dismissed without leave to amend.[5]

### B. Personal Involvement

To plausibly allege any claim under Section 1983, the allegations must show how the individual defendant, through his or her own actions, violated the Constitution or federal law. *Tangreti*, 983 F.3d at 618. A defendant's "mere supervision of" the prison "is not enough" to establish personal involvement. *Lopez v. Chappius*, No. 17-CV-06305, 2021 WL 859384, at *2 (W.D.N.Y. Mar. 8, 2021).

Jenkins does not allege, in any way, that Martuscello or Wolcott, through their own conduct, caused the constitutional violations alleged. Nor does he allege that they created, adopted, or enforced an unconstitutional policy during the strike. *See Reynolds v. Arnone*, No. 3:13-CV-1465 (SRU), 2025 WL 974843, at *11 (D. Conn.

---

[5] "Whether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or [the Second Circuit]." *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 51 n.1 (2d Cir. 2020) (quoting *Carver v. Nassau County Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013)); *see Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("The Eleventh Amendment, however, does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so."). The difference impacts whether "dismissal on sovereign immunity grounds is with or without prejudice." *Weems v. New York*, No. 6:23-CV-6305 EAW, 2024 WL 4150397, at *3 n.2 (W.D.N.Y. Sept. 10, 2024). In accordance with other decisions in this District, the Court dismisses Plaintiff's claims barred by the Eleventh Amendment without prejudice. *See, e.g.*, *Petralia v. New York*, No. 6:20-CV-06393 EAW, 2021 WL 4034526, at *3 (W.D.N.Y. Sept. 3, 2021); *see also Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice." (quoting *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019))).

Mar. 31, 2025) ("*Tangreti* did not immunize government officials who serve in supervisory roles from Section 1983 liability. *Tangreti* did not unsettle clearly established law that supervisory officials may be held liable for their own conduct. Nor did *Tangreti* hold that a government official in a supervisory position could not be held liable for their own conduct with respect to creating, adopting, or enforcing an unconstitutional policy."); *Brunache v. Annucci*, No. 22-CV-196 (JLS), 2023 WL 146850, at *12 (W.D.N.Y. Jan. 9, 2023) ("While *Tangreti* overruled *Colon*'s five-factor test, including factor (3)—the defendant created a policy or custom under which unconstitutional practices occurred, it did not suggest that a defendant who created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, cannot be found liable under Section 1983." (internal quotation marks and internal citations omitted)).

Jenkins alleges only that he was locked in his cell 24 hours each day between February 13 and April 24, 2025, without showers, programming, exercise and medical care. He points only to the strike as the cause of his conditions of confinement—he does not allege anything about Wolcott and Martuscello and their conduct in response to the strike. At best, the claims are based on Wolcott's and Martuscello's supervisory status alone.

Because Jenkins does not plausibly allege that Martuscello's or Wolcott's own conduct or actual involvement in his 24-hour cell confinement and the resulting denial of showers, out-of-cell programing and exercise, and medical appointments, the complaint must be dismissed against them. Jenkins, however, will be granted

leave to amend the complaint to assert the personal involvement of Wolcott, Martuscello, or any other individual(s) in the alleged unconstitutional conditions of confinement at Attica during the strike.

## CONCLUSION

Because Jenkins has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, (1) Jenkins's claims against the State of New York and claims against Martuscello and Wolcott, in their official capacities, are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) without leave to amend; and (2) Jenkins's remaining claims against Martuscello and Wolcott, in their individual capacities, are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief can be granted, but Jenkins is granted leave to amend those claims.

Jenkins may file an amended complaint by **November 16, 2026**, in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Jenkins is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Plaintiff is further advised that he has been granted leave to amend to address the issues identified above. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

**ORDER**

IT HEREBY IS ORDERED that Jenkins's motion to proceed *in forma pauperis* (Dkts. 4, 5) is GRANTED; and it is further

ORDERED that Jenkins's claims against the State of New York and against Martuscello and Wolcott, in their official capacities, are DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) without prejudice and without leave to amend; and it is further

ORDERED that Jenkins's claims against Martuscello and Wolcott are DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state claims upon which relief can be granted, but with leave to amend; and it is further

ORDERED that Jenkins may file an amended complaint as directed above by no later than **November 16, 2026**; and it is further[6]

ORDERED that the Clerk of Court shall send to Jenkins with this order a copy of the original complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

---

[6] If Jenkins files an amended complaint as directed in this Decision and Order, service will be deferred until such time as the Court has screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b).

ORDERED that if Jenkins does not file an amended complaint correcting the deficiencies noted above by the deadline set forth above, the claims dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state claims upon which relief can be granted will remain dismissed and the Clerk of Court shall close this case as dismissed and shall enter judgment closing this case without further order; and it is further

ORDERED that in the event the complaint is dismissed because Jenkins has failed to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Jenkins must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: September 30, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE